**William L. Larkins, Jr.,** OSB #812882
wlarkins@larkinsvacura.com
**Cody Hoesly,** OSB #052860
choesly@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| RICHARD & MARY HARTZELL, | |
| Plaintiffs, | Case No. 6:10-CV-6231-HO |
| v. | DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR TO REQUIRE A MORE DEFINITE STATEMENT |
| US BANK, NA, | |
| Defendant. | |

**INTRODUCTION**

Defendant U.S. Bank National Association, incorrectly named in the caption of plaintiffs' Complaint as US Bank, NA ("U.S. Bank"), hereby files this memorandum in support of its motion to dismiss plaintiffs' claims against it, for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, in the alternative, to require a more definite statement, Fed. R. Civ. P. 12(e).

In support of the motion, U.S. Bank relies on the facts alleged in the Complaint and on the argument below.  According to the 22-page Complaint, there exists a vast conspiracy in the home lending business to deprive consumers of their money and home equity.  The conspiracy involves banks, investors, real estate agents, mortgage brokers, title companies, escrow agents,

loan officers, appraisers, underwriters, trustees, and even "the courts." Those actors conspire together to make home loans that the borrowers cannot afford to repay. That way, the conspirators can profit not only off the borrowers' payments, but their home equity as well when they inevitably default. (Complaint, pp. 2-5, 9-16.)

Plaintiffs recognize that their allegations "may seem somewhat outrageous and counter-intuitive," but they nonetheless "maintain[] the real culprit is the system itself, including the courts, for failure to strictly enforce the consumer protection laws." (*Id.*, p. 2.)

Based on the alleged conspiracy, plaintiffs have now brought suit against U.S. Bank, presumably because plaintiffs are in default under a home refinance loan made to them by U.S. Bank which U.S. Bank might be seeking to foreclose. (*Id.*, p. 1, 21.) It is not clear from plaintiffs' Complaint, but they appear to be attempting to allege at least 20 separate causes of action against U.S. Bank, including common law fraud, fraud in the inducement, fraud in the execution, fraud by non-disclosure, negligence, negligence *per se*, breach of fiduciary duty, negligent misrepresentation, breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, intentional infliction of emotional distress, usury, criminal conspiracy, theft, quiet title, and violation of the Federal Trade Commission Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Home Ownership and Equity Protection Act. As a result, plaintiffs seek economic damages, non-economic damages, treble damages, punitive damages, disgorgement, rescission, and various forms of declaratory and injunctive relief. (*Id.*, p. 21-22.)

## ARGUMENT

Before addressing plaintiffs' claims on their merits, U.S. Bank notes that large portions of the Complaint appear to be cribbed from some other document, perhaps a response to a motion to dismiss in another case. U.S. Bank can only guess as much because of (1) the repeated references to "Petitioner," even though there are two plaintiffs in this case; (2) the repeated references to "Defendants," even though U.S. Bank is the only defendant in this case; (3) a reference to "the pleadings of Defendants," even though this is U.S. Bank's first appearance in

this case (*id.*, p. 8); (4) the argument that U.S. Bank lacks standing to bring this case, even though U.S. Bank is the defendant here (Complaint, pp. 5, 7-8); (5) the argument that certain of plaintiffs' claims are not barred by the statute of limitations (*id.*, pp. 12-13); (6) the argument that plaintiffs' claims should survive a motion to dismiss (*id.*, pp. 16-17); and (7) a request that the defendants' "Motion to Dismiss should be denied," (*id.*, p. 20). None of that material is relevant to plaintiffs' claims, and it does not belong in the Complaint.

On the merits, none of the purported torts, contracts breaches, or crimes alleged in the Complaint is supported by sufficient factual allegations, coherent legal theories or even an explanation of the acts or omissions upon which U.S. Bank's alleged liability is premised. Instead, plaintiffs' Complaint offers a bird's-eye view of the home lending market over the last 30 years, describing in some detail how plaintiffs believe that market functioned and what the common industry practices were. Plaintiffs appear to allege generally that U.S. Bank acted in conformance with those practices, but there is no allegation which would answer the basic questions of what exactly did U.S. Bank supposedly do wrong here, and when. U.S. Bank recognizes that courts generally construe *pro se* litigants' pleadings liberally, but plaintiffs' Complaint is nearly incomprehensible. The Complaint does not put U.S. Bank on notice of the claims against it or the facts underlying those claims. It violates Federal Rules of Civil Procedure 8 and 12 and, for the reasons discussed below, it must be dismissed under even the liberal *pro se* pleading standards.

Indeed, this case is very similar to *Jensen v. Quality Loan Service Corp*. 2010 WL 1136005 (E.D. Cal.). That case, like this one, involved vast claims of conspiracy in the home lending industry. Also like this case, the complaint in *Jensen* involved numerous claims which "appear[ed] to be asserted against" the bank defendant, even though "there [were] very few allegations which identify [the bank's] role in the events pled. Much of the [complaint] refer[red] to 'defendants' globally." *Id.* at *1. In *Jensen*, the court dismissed all of the plaintiff's claims against the bank. *Id.* at *17. This court should do the same here. *See also Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497 (E.D. Cal.) (dismissing similar complaint).

Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss      Page 3

### A.    Governing standard for this motion to dismiss

Every Complaint must set forth "a short and plain statement of the claim showing that [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement of the claim must also be "simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Those rules ensure that a complaint gives fair notice to a defendant of what the plaintiff is complaining about. *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965).

When a plaintiff "fail[s] to state a claim upon which relief can be granted," this court must dismiss the complaint. Fed R. Civ. P. 12(b)(6); *Sheaf v. Minneapolis, St. P. & S.S.M.R. Co.*, 162 F.2d 110, 113 (8th Cir. 1947) (when rule applies, "it is the duty of the court to enter judgment forthwith"). While the Court must give plaintiff the benefit of all factual allegations in the complaint and all reasonable inferences from those facts, the Court must *disregard* all legal conclusions, even if they are couched as factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). It is not enough that a plaintiff pleads naked "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).

Finally, although courts traditionally show leniency to *pro se* litigants such as plaintiffs, such leniency does not permit the Court to serve as "de facto counsel" and "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). Nor may the Court "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even *pro se* pleadings "must meet the minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

### B. Plaintiffs' criminal claims fail as a matter of law.

Plaintiffs allege that U.S. Bank committed "criminal conspiracy and theft" in this case. (Complaint, p. 8.) But plaintiffs cannot bring those charges in this civil action because "[p]rivate citizens * * * do not have standing to enforce criminal statutes or have them enforced." *Kunzer v. Magill*, 667 F. Supp. 2d 1058, 1061 (D. Minn 2009).

### C. Plaintiffs' federal claims fail as a matter of law.

In addition to the two criminal charges just mentioned, plaintiffs seem to be trying to allege at least 18 additional causes of action against U.S. Bank. U.S. Bank will discuss each claim in turn, beginning with the four alleged violations of federal law.

#### a. Plaintiffs' HOEPA, RESPA, and TILA claims fail as a matter of law.

Plaintiffs allege that U.S. Bank violated the Home Ownership and Equity Protection Act ("HOEPA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Truth in Lending Act ("TILA") because U.S. Bank failed to "provide proper disclosures concerning the terms and conditions of the loans [it] marketed, to refrain from marketing loans [it] knew or should have known that borrowers could not afford or maintain, and to avoid paying undue compensation such as 'yield spread premiums' to mortgage Agents and loan officers." (Complaint, p. 17-18.)

Plaintiffs' HOEPA claim fails because they have not alleged any facts showing that their loan is subject to HOEPA. *See Blau v. America's Servicing Co.*, 2009 WL 3174823, *10 (D. Ariz.), *recons. den.*, 2009 WL 4256822 (D. Ariz.) (recognizing that only certain "high cost" loans are subject to HOEPA and dismissing HOEPA claim for failure to allege that plaintiff's mortgage was a "high cost" loan subject to HOEPA); *Hughes v. Equity Plus Fin.*, 2010 WL 2836828, *7 (S.D. Cal.) (same).

Plaintiffs' RESPA claim fails for several reasons. First, RESPA does not recognize any private cause of action based on either disclosures or loan affordability. *See Kozhayev v. America's Wholesale Lender*, 2010 WL 3036001, *8 (E.D. Cal.) (disclosures); *Cross v. Downey Sav. & L. Ass'n*, 2009 WL 481482, *4 (C.D. Cal.) (loan affordability). Second, plaintiffs do not allege that they ever made a qualified written request as defined in 12 U.S.C. § 2605(e)(1)(B) or

that U.S. Bank is a loan servicer as defined in 12 U.S.C. § 2605(i)(2).  *See Santos v. U.S. Bank N.A.*, 2010 WL 2218803, \*6 (E.D. Cal.) (dismissing RESPA claim under similar circumstances).  Finally, plaintiffs do not allege that the "undue compensation" received by the "Agents and loan officers" was for services not actually performed.  *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 553-54 (9th Cir. 2010) (RESPA does not prohibit "excessive" payments for services actually performed); *Jensen v. Quality Loan Svc. Corp.*, 2010 WL 1136005, \*9-10 (E.D. Cal.) (dismissing claim based on nearly identical allegations because "[t]he complaint lacks non-conclusory factual content plausibly suggesting that [bank] violated RESPA"); *Reynoso v. Paul Fin., LLC*, 2009 WL 3833298, \*7 (N.D. Cal.) (same).

Plaintiffs' TILA claim fails for several reasons as well.  First, TILA is a disclosure statute:  it has nothing to do with loan affordability or compensation to mortgage agents or loan officers.  *See Rendler v. Chorus Bank*, 272 F.3d 992, 996 (7th Cir. 2001) ("The TILA is a disclosure statute.  It does not substantively regulate consumer credit \* \* \*."); *Butler v. Fairbanks Capital*, 2005 WL 5108537, \*10 (D.D.C.) (dismissing TILA claim on that ground).  Second, plaintiffs never allege what disclosures U.S. Bank allegedly failed to give them, so U.S. Bank cannot determine which disclosures plaintiffs are talking about.  *See Gonzalez v. ReconTrust Co.*, 2009 WL 656275, \*3 (N.D. Cal.) (dismissing claim based on similarly conclusory allegations because "[p]laintiff fails to provide any factual allegations concerning the disclosure requirements that he alleges have been violated").  Finally, plaintiffs have not alleged that they are able to make restitution to U.S. Bank by repaying the loan proceeds they have received.  *See Parrish v. IndyMac Bank, Inc.*, 2010 WL 2771915, \*3-4 (E.D. Cal.) (dismissing TILA claim on that ground; citing cases).

      b.  **Plaintiffs' FTCA claim fails as a matter of law.**

Plaintiff also alleges that U.S. Bank "engaged in a variety of unfair and unlawful business practices prohibited by *15 USC Section 45* et seq. (Deceptive Practices Act)."  (Complaint, p. 11).  However, except for the broad, vague, and conclusory allegations about a vast home lending conspiracy, plaintiffs offer no factual assertions which would explain what unfair or

Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss       Page 6

unlawful business practices they believe U.S. Bank engaged in. Absent clarification, plaintiffs have failed to put U.S. Bank on notice of what exactly it is supposed to have done wrong. This Court should dismiss plaintiffs' conclusory FTCA claim. *See Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497, *13-14 (E.D. Cal.) (dismissing FTCA claim because defendants "correctly fault the 'vague, conclusory' claim's absence of facts to demonstrate which statutory provisions were violated or how. Mere mention of a statutory violation is insufficient, and plaintiffs make no meaningful points to support the claim."); *Twombly*, 550 U.S. at 555 (complaint cannot survive motion to dismiss if it merely pleads "labels and conclusions, and a formulaic recitation of the elements of a cause of action"); *Corcoran*, 347 F.2d at 223 (complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised").

    **D. Having dismissed plaintiffs' federal claims, this Court should dismiss plaintiffs' state law claims as well.**

As explained above, this Court should dismiss all four of plaintiffs' federal claims. Having done so, this Court should then decline to exercise supplemental jurisdiction over plaintiffs' 14 state law claims and dismiss them as well for that reason. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors * * * will point toward declining to exercise jurisdiction over the remaining state-law claims.").

    **E. Plaintiffs' state law claims fail as a matter of law.**

Even if this Court decides to consider the merits of plaintiffs' state law claims, it should dismiss all of those claims on the merits. Below, U.S. Bank discusses plaintiffs' 14 state law claims.

    **a. Plaintiffs' claim of usury fails as a matter of law.**

Plaintiffs allege that U.S. Bank cannot enforce its refinance loan contract with them because U.S. Bank committed usury. (Complaint, p. 6.) But plaintiffs never allege what interest rate applies here, or how that rate would be usurious. *Cf.* ORS 82.010(3) (setting forth

Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss     Page 7

permissible rates of interest). So plaintiffs have not alleged any usury. Even if they had, that would not grant them a cause of action against U.S. Bank, or invalidate the loan contract. Under ORS 82.010(4), the only result would be that U.S. Bank would forfeit all interest on the loan. *See Skaggs v. Hendgen*, 127 Or. App. 659, 874 P.2d 93 (1994) (so holding).

### b. Plaintiffs' negligence-based claims fail as a matter of law.

Plaintiffs also allege various claims for negligence, including negligence, negligence *per se*, negligent misrepresentation, and breach of fiduciary duty. (Complaint, p. 17). All of those claims fail, however.

As an initial matter, U.S. Bank notes that plaintiffs claim no injury other than economic and emotional injury. Accordingly, they cannot recover unless some "special relationship" or statute or rule imposed on U.S. Bank a duty not to cause plaintiffs economic or emotional injury. *See Abraham v. T. Henry Constr., Inc.*, 230 Or. App. 564, 568-69, 217 P.3d 212 (2009) (so explaining for economic loss); *Hammond v. Cent. Lane Commc'ns Ctr.*, 312 Or. 17, 22-23, 816 P.2d 593 (1991) (same for emotional injury).

The problem for plaintiffs is that there was no "special relationship" between them and U.S. Bank: U.S. Bank was merely their creditor. *See Uptown Heights Assocs. L.P. v. Seafirst Corp.*, 320 Or. 638, 650, 891 P.2d 639 (1995) (no "special relationship" exists between debtor and creditor); *Vocu v. Eells*, 240 Or. 175, 177, 400 P.2d 516 (1965) (same). Although plaintiffs rely on HOEPA, RESPA, TILA, and the FTCA as statutory sources for imposing a special duty on U.S. Bank, none of those statutes applies or was violated here, as explained above. The same reasoning is also fatal to plaintiffs' "breach of fiduciary duty" claim, which is based solely on HOEPA, RESPA, TILA, and the FTCA, and plaintiffs' negligence *per se* claim, which "is not a distinct cause of action; it is a negligence claim based on violation of a standard of care set out by statute or rule." *Abraham*, 230 Or. App. at 573. In *Coyotzi v. Countrywide Financial Corp.*, the court dismissed nearly identical allegations of negligence for similar reasons. 2009 WL 2985497, *4-8 (E.D. Cal.).

      **c.  Plaintiffs' fraud-based claims fail as a matter of law.**

Plaintiffs also allege common law fraud, fraud in the inducement, fraud in the execution, and fraud by non-disclosure.  (Complaint, pp. 6, 18-19.)  All of those claims fail for the simple reason that, while all fraud claims require a material misrepresentation, *Merten v. PGE Co.*, 234 Or. App. 407, 416, 228 P.3d 623 (2010), plaintiffs have not alleged any such misrepresentation.  It is true that plaintiffs allege conclusorily that "Agents made these misrepresentations," (Complaint, p. 18), but that does not identify what the misrepresentations were supposed to have been.  A search of the dense, 22-page Complaint reveals absolutely no elaboration on what misrepresentation plaintiffs might be referring to.  The closest plaintiffs ever come to an explanation is on page 9 of their Complaint, where they allege that "Agent further defrauded Petitioner by failing to disclose Agent's conspiratorial relationship to Lender."  But the "conspiratorial relationship" is not properly pleaded, and plaintiffs do not indicate who exactly "Agent" is, or when the failure to disclose occurred.  Accordingly, plaintiffs' allegations of fraud fail to meet the requirements of Rule 8, let alone the more stringent particularity requirements of Rule 9.  *See Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497, *11 (E.D. Cal.) (dismissing similar claim for failure to comply with Rule 9, which requires specific allegations regarding the who, what, when, where, and how of the misrepresentations); *Jensen v. Quality Loan Service Corp*. 2010 WL 1136005, *9 (E.D. Cal.) (dismissing similar claim for failure to tie industry-wide allegations to any particular misrepresentation by the named defendant).

      **d.  Plaintiffs' claim for emotional distress fails as a matter of law.**

Plaintiffs next allege a claim for intentional infliction of emotional distress.  That claim fails as a matter of law for several reasons.  First, plaintiffs failed to allege any intent on the part of U.S. Bank, even though intent to cause severe emotional distress is a necessary element of the claim.  *See McGanty v. Staudenraus*, 321 Or. 532, 543, 901 P.2d 841 (1995) (so holding; knowledge and recklessness are not sufficient).  Second, although plaintiffs conclusorily allege "extreme and outrageous" conduct by U.S. Bank which is "not to be tolerated by civilized society," (Complaint, p. 20), the conduct plaintiffs have alleged does not meet the necessary

Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss      Page 9

threshold of being "extreme and outrageous."  Rather, the conduct plaintiffs have alleged is run-of-the-mill lending practices across an entire industry.  There is nothing extreme or outrageous about it.  *See Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497, *9-10 (E.D. Cal.) (so holding based on similar allegations).  Third, as noted above, plaintiffs have not tied U.S. Bank to any specific acts beyond their general allegations about the home lending industry.  Finally, as also explained above, U.S. Bank dealt with plaintiffs at arm's-length without violating any laws.  This court should dismiss this claim.

### e. Plaintiffs' contract-based claims fail as a matter of law.

Plaintiffs also allege "breaches of contractual * * * obligations," breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  (Complaint, pp. 5, 15-16, 19-20.)  All of those claims fail.

Plaintiffs' breach of contract claim fails because they never specify what contract is alleged to have been breached, what U.S. Bank did to breach any contract, or how that caused them any harm.  *See Ogan v. Ellison*, 297 Or. 25, 33, 682 P.2d 760 (1984) (breach of contract action viable only when plaintiff's "damages were caused by the breach of the [defendant's] promise"); *see also NW Natural Gas Co. v. Chase Gardens, Inc.*, 333 Or. 304, 312-13 & n3, 39 P.3d 846 (2002) (approving jury instructions which listed elements of breach of contract action as promise, breach, causation and damages).  Plaintiffs' naked assertion of "breaches of contractual * * * obligations" is not sufficient to survive a motion to dismiss.  *See Twombly*, 550 U.S. at 555 (complaint cannot survive motion to dismiss if it merely pleads "labels and conclusions, and a formulaic recitation of the elements of a cause of action").

Plaintiffs' good faith and fair dealing claim fails for similar reasons.  Although plaintiffs allege several instances of purported bad faith, plaintiffs never specify what contract the duty of good faith is supposed to have been implied into.  That is fatal to plaintiffs' claim because, after all, the duty of good faith and fair dealing is not a contract by itself; rather, it is merely a term implied into contracts otherwise in existence.  *See Uptown Heights*, 320 Or. at 644-45 (so explaining).  Because the duty of good faith only fills in gaps in contractual terms, without

varying them or adding new ones, *id.*, U.S. Bank cannot respond to this claim without knowing the explicit contractual terms with which it should compare the alleged instances of bad faith. This Court should therefore dismiss this claim. *See Coyotzi v. Countrywide Fin. Corp.*, 2009 WL 2985497, *7-8 (E.D. Cal.) (dismissing similar claim)

Finally, plaintiffs' unjust enrichment claim is also defective. With regard to the "unjust" element of the claim, plaintiffs merely rely on the "misrepresentations, omissions, and other wrongful acts" alleged elsewhere in the Complaint. (Complaint, p. 16.) As explained above, however, the Complaint fails to allege any actionable misrepresentations, omissions, or other wrongful acts by U.S. Bank. Accordingly, this Court should dismiss this claim.

### f. Plaintiffs' quiet title claim fails as a matter of law.

Plaintiffs allege that title to the property at issue here should be quieted in them because U.S. Bank's "security interest in the Subject Property has been rendered void." (Complaint, p. 16.) The only support for that assertion appears to be plaintiffs' allegations that

> Lender sold the security instrument after closing and received consideration in an amount in excess of the lien held by Lender. Since Lender retained the lien document upon the sale of the security instrument, Lender separated the lien from said security instrument, creating a fatal and irreparable flaw.
>
> When Lender received consideration while still holding the lien and said consideration was in excess of the amount of the lien, Lender was in a position such that he could not be harmed and could not gain standing to enforce the lien. The lien was, thereby, rendered void.

(*Id.*, p. 10.)

U.S. Bank is not sure what to make of those allegations. The terms "security instrument" and "lien document" are not defined in the Complaint. Although one would think both terms would mean the same thing and refer to a trust deed or similar instrument/document, plaintiffs are apparently using those terms to mean and refer to different things. Without some idea what plaintiffs are talking about, it is hard to respond to this claim. At any rate, there is no law to support the idea that a security interest is destroyed because it is sold for more than the amount owing on the underlying obligation. Because that is the only basis for plaintiffs' quiet title claim,

Defendant U.S. Bank's Memorandum in Support of Motion to Dismiss          Page 11

this Court should dismiss that claim. *See Twombly*, 550 U.S. at 555 (complaint cannot survive motion to dismiss if it merely pleads "labels and conclusions, and a formulaic recitation of the elements of a cause of action"); *Corcoran*, 347 F.2d at 223 (complaint fails to give fair notice when it is "so verbose, confused and redundant that its true substance, if any, is well disguised").

### F. In the alternative, this Court should require a more definite and certain statement from plaintiffs.

For the foregoing reasons, this Court should dismiss plaintiffs' Complaint in its entirety. Should the Court decide not to do so at this time, Rule 12(e) authorizes the Court to order plaintiffs to provide a more definite statement on the ground that the Complaint is so vague and ambiguous that U.S. Bank cannot reasonably frame a responsive pleading. As discussed above, it is nearly impossible to determine what plaintiffs are alleging against U.S. Bank.

Because the Complaint is so vague and ambiguous that it would be unreasonable to require a response, U.S. Bank requests that, should the Court decide not to dismiss plaintiffs' Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), the Court at least require plaintiffs to make a more definite statement.

## CONCLUSION

For the foregoing reasons, this Court should dismiss plaintiffs' claims against U.S Bank with prejudice, or at least require plaintiffs to make a more definite statement.

Dated: August 12, 2010.

LARKINS VACURA LLP

/s/ William L. Larkins, Jr.
William L. Larkins, Jr. OSB #812882
Cody Hoesly OSB #052860
Attorneys for U.S. Bank

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon. I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon 97205.

On August 12, 2010, I served the following document(s) described as:

**DEFENDANT U.S. BANK'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in this action in the following manner:

**BY REGULAR MAIL:** I placed a copy of the document in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with postage thereon fully prepaid and addressed as stated below:

    Richard & Mary Hartzell
    4299 NE 29th St.
    Redmond, OR 97756
    Plaintiffs, Pro Se

    Richard & Mary Hartzell
    2511 NE Yucca Ave.
    Redmond, OR 97756
    Plaintiffs, Pro Se

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

                                           /s/ William L. Larkins, Jr.
                                           William L. Larkins, Jr.