**William L. Larkins, Jr.,** OSB #812882
wlarkins@larkinsvacura.com
**Cody Hoesly,** OSB #052860
choesly@larkinsvacura.com
**Larkins Vacura LLP**
621 SW Morrison St., Suite 1450
Portland, Oregon 97205
Telephone:  503-222-4424
Facsimile:  503-827-7600
Attorneys for U.S. Bank

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

RICHARD & MARY HARTZELL,

|  |  |
|---|---|
| Plaintiffs, | Case No. 6:10-CV-6231-HO |
| v. | DEFENDANT U.S. BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS OR TO REQUIRE A MORE DEFINITE STATEMENT |
| US BANK, NA, | |
| Defendant. | |

Defendant U.S. Bank National Association, incorrectly named in the caption of plaintiffs'

Complaint as US Bank, NA ("U.S. Bank"), hereby files this reply in support of its motion to

dismiss plaintiffs' claims against it, for failure to state a claim, Fed. R. Civ. P. 12(b)(6), or, in the

alternative, to require a more definite statement, Fed. R. Civ. P. 12(e).

In their response to U.S. Bank's motion to dismiss, plaintiffs defend only two potential

claims against U.S. Bank.  First, they assert that U.S. Bank "charged false fees" when it "failed

to provide documentation to establish that said fees were not included in those fees expressly

addressed by [RESPA] as forbidden to be charged."  (Response ¶ 1.)  Second, they assert that

U.S. Bank, "acting in concert and collusion with the loan broker, toward the perpetration of a

carefully contrived connivance, provided [money] to the loan broker as an undisclosed yield

spread premium," which was "intended to improperly influence loan broker to misrepresent facts

to Plaintiff [and] to give partial disclosure of * * * facts." (*Id.* ¶ 2.)  According to plaintiffs, the

"false fees" and "undisclosed yield spread premium" are "listed in the HUD 1 Settlement

Statement" attached to their Response as Exhibit 1.  (*Id.* ¶¶ 1-2.)

Plaintiffs appear to base their first claim on RESPA.  But that act does not recognize any

private cause of action based on failure to disclose information.  *See Kozhayev v. America's

Wholesale Lender*, 2010 WL 3036001, *8 (E.D. Cal.) (so holding).  And plaintiffs never explain

– in either their Complaint or their Response – how the "false fees" were "forbidden to be

charged" by RESPA.  That is telling here because RESPA does not prohibit "excessive"

payments for services actually performed, *see Martinez v. Wells Fargo Home Mortg., Inc.*, 598

F.3d 549, 553-54 (9th Cir. 2010), and plaintiffs never allege any facts showing that any fees

charged were for services not actually performed.  This Court should therefore dismiss this

claim.  *See Jensen v. Quality Loan Svc. Corp.*, 2010 WL 1136005, *9-10 (E.D. Cal.) (dismissing

claim based on nearly identical allegations because "[t]he complaint lacks non-conclusory

factual content plausibly suggesting that [bank] violated RESPA"); *Reynoso v. Paul Fin., LLC*,

2009 WL 3833298, *7 (N.D. Cal.) (same).

It is not at all clear what legal theory plaintiffs intend to tie their second claim to.  It

cannot be a RESPA claim for the reasons stated above.  And it cannot be fraud, because

plaintiffs have not pleaded anything with particularity.  Regardless of plaintiffs' theory, their

claim fails because it is inherently self-contradictory.  One the one hand, plaintiffs assert that

U.S. Bank gave the loan broker an "undisclosed yield spread premium."  At the same time, they

also assert that the "undisclosed" premium was "listed in the HUD 1 Settlement Statement."

Indeed, the settlement statement indicates on line 810 that 1st Rate Mortgage was paid a "Broker

Yield Spread" of $1,125.  Under those circumstances, how can plaintiffs claim that the "yield

spread premium" was "undisclosed"?  They cannot.  This Court should therefore dismiss their

claim.  *See Osher v. JNI Corp.*, 302 F. Supp. 2d 1145, 1159 (S.D. Cal. 2003) (court must ignore

inconsistent allegations pled in support of a single claim for relief); *In re McCann, Inc.*, 318 B.R. 276, 290 (Bankr. S.D.N.Y. 2004) (where "plaintiff's inconsistent allegations appear in the same claim, [they] are self-defeating" and must be dismissed); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (court must disregard "allegations contradicting documents that are referenced in the complaint").

U.S. Bank recognizes that courts generally construe *pro se* litigants' pleadings liberally, but plaintiffs' Complaint is nearly incomprehensible.  The Complaint does not put U.S. Bank on notice of the claims against it or the facts underlying those claims.  To the degree that it does, those claims fail as a matter of law.  Because plaintiffs' Complaint violates Federal Rules of Civil Procedure 8 and 12, it must be dismissed under even the liberal *pro se* pleading standards. *See Brazil v. U.S. Dep't. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (even *pro se* pleadings "must meet the minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"); *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (court may not "supply essential elements of the claim that were not initially pled"); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (court may not "rewrite an otherwise deficient pleading in order to sustain an action").

Dated:  September 1, 2010.

LARKINS VACURA LLP


/s/ Cody Hoesly
William L. Larkins, Jr. OSB #812882
Cody Hoesly OSB #052860
Attorneys for U.S. Bank

## CERTIFICATE OF SERVICE

I am employed in Multnomah County, State of Oregon.  I am over the age of 18 and am not a party to the within action; my business address is 621 SW Morrison St., Suite 1450, Portland, Oregon  97205.

On September 1, 2010, I served the following document(s) described as:

**DEFENDANT U.S. BANK'S REPLY IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in this action in the following manner:

**BY REGULAR MAIL:**  I placed a copy of the document in a sealed envelope and caused such envelope to be deposited in the United States mail at Portland, Oregon, with postage thereon fully prepaid and addressed as stated below:

> Richard & Mary Hartzell
> 4299 NE 29th St.
> Redmond, OR 97756
> Plaintiffs, Pro Se

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

/s/ Cody Hoesly
Cody Hoesly