FILED'10 NOV 05 13:23USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| RICHARD and MARY HARTZELL | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 10-6231-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| US BANK NA | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

On August 2, 2010, plaintiffs Richard and Mary Hartzell filed a *pro se* complaint against the U.S. Bank National Association (US Bank). [#1]. The complaint alleges that, in refinancing a residential property located at 2511 NE Yucca Ave, Redmond, Oregon 97756 (subject property), defendants "induced plaintiffs to enter into a predatory loan agreement", "committed

1 - ORDER

numerous acts of fraud," "failed to make proper notices" that would have warned plaintiffs of these tactics and "charged false fees." [#1- p.1].

Defendant US Bank moves to dismiss plaintiff's complaint or in the alternative for a more definite statement. [#3].

## BACKGROUND

Plaintiffs Richard and Mary Hartzell have two virtually identical cases before this court [10-6230-HO & 10-6231-HO), involving allegations of mortgage fraud in refinancing of two residential properties[1]. This case involves a residence at 2511 NE Yucca Ave, Redmond OR 97756 for which plaintiffs, at an unknown time, "entered into a consumer contract for the refinance" with US Bank. [#1]

Plaintiffs allege "[d]efendants have concocted a carefully crafted connivance wherein Lender conspired with Agents, et al, to strip Petitioner of Petitioner's equity in the property by inducing Plaintiff to enter into a predatory" inflated loan product; and assert multiple claims[2] against defendant seeking

---

[1] Both subject properties are described by plaintiffs as "a primary residence," despite having two addresses.

[2] Plaintiffs claims include: common law fraud; fraud in the inducement; fraud in the execution; fraud by non-disclosure; breach of fiduciary duty; negligence/negligence per se; negligent misrepresentation; breach of the implied covenant of good faith and fair dealing; unjust enrichment; intentional infliction of emotional distress; usury; criminal conspiracy; theft; and violation of the Federal Trade Commission Act, the Truth in Lending

2 - ORDER

temporary and permanent injunctions; quiet title to their property; rescission of the loan contract and restitution and disgorgement as well as economic damages of $75,000.00; undisclosed non-economic damages and punitive damages of $225,000.00. [#1].

Defendant moves to dismiss or alternatively to require a more definite statement. [#3]. Defendant notes multiple discrepancies in the pleadings and surmises that the complaint has been "cribbed from some other document." [#4-p.2]. Defendants complain that while plaintiffs offer a "birds-eye view of the home lending market" and "how plaintiffs believed the markets functioned," their claims are insufficient to inform US Bank what it allegedly did wrong or when and therefore should be dismissed, because it violates Fed.R.Civ.P. 8 and 12. [#4-pp.2-3].

## DISCUSSION

1.  Fed,R.Civ.P. 8 and 12 Standards:

    a)  Fed.R.Civ.P. 8:

Claims for relief must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Furthermore, "each allegation must be simple, concise and direct" showing the pleader is

---

Act, the Real Estate Settlement Procedures Act and the Home ownership and Equity Protection Act.

3 - ORDER

entitled to relief. Fed.R.Civ.P. 8(d)(1); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 1949 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)(internal quotations omitted).

  b) Fed.R.Civ.P. 12(b)(6):

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir 1988). To sufficiently state a claim for relief and survive a Fed.R.Civ.P. 12(b)(6) motion, the pleading does not need detailed factual allegations but the factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic,* 550 U.S. at 555 (mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do).

There must be enough facts to state a claim for relief that is plausible on its face. *Id.* at 570. In other words, for a complaint to survive a motion to dismiss, the non-conclusory factual content and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the Plaintiff to relief. *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir 2009)

While this standard applies to pleadings no matter who

4 - ORDER

drafts them, when reviewing the sufficiency of a complaint drafted by a *pro se* litigant, the pleadings are liberally construed and viewed less stringently than formal pleadings drafted by attorneys. *Erikson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, even *pro se* pleadings must meet a minimum threshold and provide the defendant with notice of what it is that it allegedly did wrong. *Brazil v. U.S. Dep't of Navy,* 66 F.3d 193, 199 (9th Cir. 1995).

### 2. Plaintiffs' various claims:

Plaintiffs have generally alleged a variety of causes of action against the defendant US Bank. However, none of plaintiffs' claims give any specifics about the alleged acts that US Bank has committed. Instead, plaintiffs make general assertions about the mortgage industry and the problems they allege this industry visits on unsuspecting consumers.

Plaintiffs' response to defendant's motion to dismiss does buttress their complaint somewhat in that Exhibit 1, the settlement statement for the loan on the subject property, indicates that US Bank is the lender, gives the loan amount and number as well as the settlement date of October 4, 2007, - none of which was supplied in the complaint. [#6-Ex.1]. Generally, construing the complaint liberally, it appears that plaintiffs refinanced the subject property with US Bank and that there now

5 - ORDER

is some issue, presumably a default that the lender might seek to cure with a foreclosure sale on the property. [#1-p.20].

### a)  Real Estate Settlement Procedures Act (RESPA) claims:

Congress enacted RESPA to control real estate settlement costs by insuring "that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country." 12 U.S.C. § 2601(a). RESPA therefore requires advance disclosure of settlement costs, the elimination of kickbacks or referral fees and a reduction in the amount buyers are required to place in escrow accounts for taxes and insurance. 12 U.S.C. § 2601(b).

Plaintiffs' Complaint appears to base their claims on alleged violations of the Real Estate Settlement Procedures Act(RESPA). Plaintiffs allege *inter alia* that defendant breached its fiduciary duty by failing to ensure "their own and petitioner's compliance with all applicable laws" and being negligent in lending plaintiffs money they "knew or should have known that borrowers could not afford or maintain, and to avoid paying undue compensation such as 'yield spread premiums' to mortgage agents and loan officers." [#1-pp.17-18]. Plaintiffs' appear to further support their RESPA claims by arguing that

6 - ORDER

defendant 'charged false fees" and "failed to provide documentation to establish that said fees were not included in those fees expressly addressed by the Real Estate Settlement Procedures Act as forbidden to be charged to Plaintiff at settlement." [#6- p.1] Plaintiffs do not however, supply any specific details about those allegedly false fees.

Defendants reply that plaintiffs have not cured the fatal problems with their RESPA claim(s) because : (1) there is no private right of action based on failure to disclose information; (2) plaintiffs do not claim to have made a qualified written request or claimed that US Bank was a loan servicer and (3) that there are no allegations that any "undue compensation" received by "Agents and loan officers" was for services not performed. [#4-pp.5-6; #8-p.2]. I generally agree.

While some sections of RESPA do provide for a private right of action, others do not. Cf:12 U.S.C.§ 2607 with § 2609; see also Bloom v. Martin, 865 F.Supp 1377 (N.D.Cal. 1994)(no private right of action for disclosure violations under 12 U.S.C. § 2603). However, plaintiffs complaint does not specify under which section of RESPA they assert claims nor does it specify what action by defendant allegedly breaches either a fiduciary duty to plaintiffs or is negligent.

Similarly plaintiffs' claim that "defendant, acting in

7 - ORDER

concert and collusion with the loan broker" improperly provided the amounts listed in Exhibit 1 as "an undisclosed yield spread premium.". [[#6-p.1]. This statement is directly contradicted by plaintiffs' exhibit which clearly states that the broker yield spread to 1st Rate Mortgage was $1,125.00. [#6-Ex.1-ln 810].

In summary, plaintiffs' complaint fails to identify the alleged acts by US Bank that violate their legal rights; what the conditions of their loan were; whether they defaulted on the loan, and if so when and why; what if anything, they may have done to attempt to remedy that default and what the lender's response if any, was to their attempt(s). Also missing is any mention of whether plaintiffs have received notice from anyone that a foreclosure sale is contemplated and if so when it is scheduled.

## CONCLUSION

Based on the foregoing reasoning, defendant US Bank's Motion to Dismiss [#3] is GRANTED. This action is hereby dismissed without prejudice.

IT IS SO ORDERED.

DATED this ____ day of November, 2010.

_____
Michael R. Hogan
United States District Judge

8 - ORDER